Dear District Attorney Bubrig:
This office is in receipt of your request for an opinion of the Attorney General in regard to legal representation of the Plaquemines Parish Hospital Service District.
You point out that the Hospital District is governed by a board of commissioners appointed by the Plaquemines Parish Council. The Parish Charter provides that the Parish Attorney shall be the regular attorney and counsel for the Hospital District, setting forth in pertinent part, "all legal services for the Parish, and all other political subdivisions and districts situated within the Parish . . . shall be performed by the Parish Attorney."
However, R.S. 42:261(A) provides "Except . . . as otherwise provided by law, the district attorney . . . shall, ex officio and without compensation, general or special, be the regular attorneys and counsel for . . . every state board or commission domiciled therein, the members of which . . . are appointed by the governor or other prescribed authority . . . ."
Additionally, R.S. 16:2(A) provides, "The district attorneys . . . shall ex official be the regular attorneys and counsel for the the police juries . . . and of every state board or commission domiciled therein, including . . . hospital and asylum boards, . . . and all state boards or commission the members of which, in whole or in part, are elected or appointed by governor or other prescribed authority . . . ."
You ask whether the Plaquemines Parish Home Rule Charter provision authorizing the Plaquemines Parish Attorney to represent the Hospital District thereby relieves the District Attorney of Plaquemines of the duty to represent the Hospital District.
In Atty. Gen. Op. 93-300 this office noted that R.S. 42:261
obligated the district attorney to provide legal representation, without extra compensation, to hospital service districts created by the parish police jury, finding that the hospital service district created by the Calcasieu Parish Police Jury was a creature of the parish police jury and therefore due legal representation by the district attorney. However, the opinion further noted that Section I of R.S. 42:261 allowed the hospital service district to employ or retain its own attorney and would relieve the district attorney of the duty of representing said hospital service district.
Section I of R.S. 42:261 provides as follows:
 Notwithstanding the provisions of this Section or any other law to the contrary, and as a further exception to the general prohibition contained in this Section, any hospital service district created by or pursuant to state law may employ or retain its own attorney, the compensation of said attorney to be fixed and paid by the board of said district, in which event the district attorney of the judicial district in which the hospital service district is domiciled shall be relieved of the duty of representing said hospital service district.
This office recognized in Atty. Gen. Op 95-465 that Art. 6, Sec. 5 of the Constitution provides that a Home Rule Charter shall provide the structure and organization powers and functions of the government of the local governmental subdivision; and Art. 6, Sec. 6 provides that the legislature shall not enact any law which affects the structure or organization of the powers and function of the local governmental subdivision operating under a Home Rule Charter. Herein the Home Rule Charter was adopted Jan. 1, 1987.
R.S. 46:1051 authorized the police juries of parishes to from and create hospital service districts, and R.S. 46:1053 provides that any hospital service district formed or created under the provisions of that Chapter would be governed by a board of five commissioners to be appointed by the police jury of the parish. Under R.S. 46:1053 by Act 396 of 1988, approved on July 10, 1988, Paragraph (X) was adopted and sets forth that the Plaquemines Parish Hospital Service District 1 would b governed by a board of commissioners composed of nine members, and Act 768 of 1988 set forth that the commission shall be appointed by the Plaquemines Parish Council from nominations by the President of Plaquemines Parish.
However, as a creature of state law, the Plaquemines Parish Service District is bound by state law. Therefore, it is to be represented legally by their district attorney, unless they employ an attorney pursuant to R.S. 42:261(I). Plaquemines Parish, as a home rule charter government, is subject to the general laws of the State. LA. Const. Art. 6, 55 (1974), and while it can provide for a parish attorney for legal matters of the parish, it has no authority to provide for the same with respect to the hospital service for the reasons stated herein. However, we see no reason why the hospital service district cannot hire an attorney pursuant to R.S. 42:261(I), who is also the parish attorney.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
CCF/bbr